UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23463-CIV-HOEVELER

FREDDY ORTEGA and
PILAR ORTEGA,

    Plaintiffs,

v.

THE HOME DEPOT USA, INC.,
a foreign corporation,

    Defendant.

_____/

## ORDER DENYING MOTION TO REMAND

This Cause comes before the Court on Plaintiffs' Motion to Remand. Defendant filed a response, to which Plaintiff filed no reply. Plaintiff filed this action in state court on October 23, 2009. Defendant removed this action to this Court on November 12, and filed an Answer on November 17, 2009. The following day Plaintiffs filed a motion to remand, arguing that Defendant had not established a basis for exercise of federal jurisdiction because it had not demonstrated that the amount in controversy is in excess of $75,000. Defendant responded to that argument by referring to a pre-suit settlement demand of $225,000 signed by Plaintiff Freddy Ortega.

The removing defendant bears the burden of proving, by a preponderance of the evidence, that federal jurisdiction is proper. Leonard v. Enterprise Rent A Car, 279 F. 3d 967, 972 (11th Cir. 2002). Although Defendant did not provide supporting documentation along with the Notice of Removal, this Court may consider materials submitted later which refer to facts in existence at the time of removal. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). Defendant has supplied a document,

singed on June 6, 2007, by Freddy Ortega, as an attachment to Defendant's response (Dkt. No. 8-1) to the motion to remand; that document includes the following statement:

> Given the circumstances of this case, i.e. the financial situation of the Defendant and the posture in which this case is in, Mr. Ortega would accept $225,000.00 to resolve this case at this time. Keep in mind that if [the manufacturer of the allegedly defective device] was not involved in a bankruptcy proceeding, or had the ADR procedure not be [sic] in place, the value of this case, and hence the amount that would be sought, would be over $600,000.00.

This Court finds no prohibition against Defendant's reliance on the Plaintiffs' pre-suit settlement demand to establish that the amount in controversy is sufficient for jurisdictional purposes. Plaintiffs' arguments as to Rule 408, Fed. R. Civ. P., are unpersuasive, as Defendant clearly is not offering this information in an attempt to establish the actual value of the claim. The Court also notes that Plaintiffs have not offered to stipulate that the amount in controversy in this matter will not exceed $75,000; such stipulation would, of course, require remand of this case. Based on the above, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion to Remand is DENIED.

DONE AND ORDERED in Chambers in Miami this 17th day of March 2010.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
William C. Robinson
Jeffrey A. Mowers