UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23463-CIV-HOEVELER

FREDDY ORTEGA and
PILAR ORTEGA,

    Plaintiffs,

v.

THE HOME DEPOT USA, INC.,
a foreign corporation,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ENTERING RULINGS ON OTHER PRE-TRIAL MOTIONS

THIS CAUSE is before the Court on Defendant's Motion for Summary Judgment and other pre-trial motions.

Plaintiffs filed this case in state court on October 23, 2009, seeking damages after Plaintiff Freddy Ortega fell, on October 26, 2005, when using an extension ladder purportedly sold at one of Defendant's retail locations. Defendant removed the matter to this Court, based on diversity jurisdiction.

Plaintiffs allege that Defendant is strictly liable as the distributor of the extension ladder - claiming that the ladder was in a defective condition and unreasonably dangerous when it was sold by Home Depot, and that Defendant is liable for negligence. Specifically, Plaintiffs claim that Defendant failed to properly inspect and test the ladder, failed to correct any design defects, failed to warn of

defects in the ladder, and failed to instruct users in the proper use of the ladder.[1]

## Motion for Summary Judgment

Defendant seeks summary judgment and argues that Plaintiffs' claims must fail because, *inter alia*, Home Depot was not the seller of the ladder (and, clearly, was not the manufacturer). The Defendant bears the burden of establishing that no genuine issues of fact remain to be tried. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The Court must determine "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a vedict." Id. "By its very terms, [the summary judgment standard] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247-48 (emphasis in original). Evidence is viewed in the light most favorable to the non-moving party and doubts are resolved in favor of the non-movant.

It is axiomatic that to succeed on a strict liability claim, a Plaintiff must establish that a relationship exists between the manufacturer or distributor of the allegedly defective product and the product itself. See, e.g., West v. Caterpillar

---

[1] Plaintiffs' Complaint references another Defendant, Werner - the purported manufacturer of the subject ladder, whom was never served in this action and is not before this Court. Complaint, ¶ 4.

2

Tractor Co., 336 So. 2d 80 (Fla. 1976); Samuel Friedland Family Enters. v. Amoroso, 630 So. 2d 1067, 1068 (Fla. 1994).  Plaintiff has testified that he purchased the subject ladder from Home Depot in March 2000, while he was living at 8780 SW 36th St. (Deposition of Ortega, pp. 41, 43).[2]  Ortega later moved from that address to a house in Broward County in December 2000 (Ortega, p. 20), the location of the accident in October 2005.  It is undisputed that the subject ladder is a 24-foot aluminum extension ladder with wishbone-style flylocks, Model 3224, manufactured by Keller Industries, Inc.  Defendant offers evidence that the ladder could not have been purchased at Home Depot when Plaintiff says that he purchased the subject ladder and, indeed, could not have been purchased any later than several years prior to 2000.

According to Defendant's witnesses, the subject ladder was manufactured in 1980; moreover, Home Depot ceased purchasing ladders from the manufacturer of this ladder in 1996, and testimony as to Defendant's retail practices indicates that a ladder would not have been warehoused, awaiting sale, for more than six months.  Amended Affidavit of William Demeritt, ¶ 14.  William Demeritt worked for Keller Industries, Inc. (Keller) from November 1984, ultimately serving as the Executive Vice President of Keller and the single point of contact for The Home Depot from 1993-1996 for all products.  According to Demeritt - and undisputed by Plaintiff - when Keller went bankrupt in 1996, it sold its ladder manufacturing assets and

---

[2]Plaintiff Freddy Ortega testified that he has lived in the United States since November 1990 (p. 17).

3

brand name to Keller Ladders, Inc. (KLI).[3]  See Amended Affidavit of Demeritt.

According to Demeritt, ladders manufactured by Keller included a date code representing the location of the manufacturing plant, and the month and year of manufacture. The subject ladder is stamped "1 20 0" and Demeritt explains that the ladder was manufactured in Milford, Virginia (the "1" represents the Milford plant), in the month of October (subtract 10 from 20 to obtain the month of manufacture), in the year 1980 ("0" represents the year 1980).[4]  Further, Demeritt attests that the Keller manufacturing plant in Milford, Virginia, did not ship ladders to Home Depot stores in Florida, and instead the company's plant in Swainsboro, Georgia shipped all ladders for retail sale in the state of Florida. Demeritt, ¶ 14. (The Home Depot in Miami at which Plaintiff claims to have purchased the ladder did not open for business until 1992.)

Plaintiff's own expert, John S. Morse, states in his report that the ladder was "manufactured in October of a year apparently ending in 0." Morse opines that a "reasonable explanation" is that the ladder was manufactured in 2000. Expert Report of John S. Morse, Dkt. No. 47-18. The sole evidence offered by Plaintiff in contrast to Defendant's demonstration as to the ladder's origin, is Plaintiff's own testimony, and the opinion of his expert, contained in an Affidavit submitted in

---

[3]Demeritt served as Senior Vice President of KLI from 1996-1999, and managed ladder sales from KLI to The Home Depot. KLI stopped manufacturing or selling ladders after 1999, and from 1999 - 2002, Demeritt managed the closing out of KLI's remaining assets and liabilities. (In 1999, KLI sold its assets and brand name to Werner Co.) See Amended Affidavit of Demeritt.

[4]According to the original affidavit filed by Demeritt, the code for 1990 was "00", Dkt. No. 47-17.

4

February 2011, in which Morse claims that Defendant's witnesses "cannot state to any reasonable degree of certainty how long the ladder was in the possession of Home Depot or that a ladder from the [Virginia] plant could not end up in a Miami Home Depot." Affidavit of Morse, ¶ 17. According to Defendant, the subject ladder also has tabbed foot pad housings which were not in use after the 1980s. Demeritt, ¶ 12. Plaintiff's expert has not opined as to the foot pad housings' date of manufacture, other than to have reported, as noted above, that the ladder was manufactured in October of a year ending in 0.

Defendant also argues that the evidence does not support the Plaintiff's theory of causation - noting that Plaintiff testified that he checked to verify that the ladder was locked before the accident and each time he climbed up and down the ladder, Deposition, p. 99-100. Plaintiff's expert witness opines that the ladder was in a "false lock" position, and states that such status is the only explanation for a malfunction of the ladder which would be accompanied by the sound of clicks during Plaintiff's fall. In other words, Plaintiff's expert's opinion is based entirely on the Plaintiff's testimony that he heard two or three clicks from the ladder at the time of the accident, Deposition, p. 120. From that testimony, Morse deduced that the only explanation for the accident was a telescoping of the ladder. (Affidavit of Morse, Feb. 2011). Morse opines that the telescoping was the result of the release of a false lock, and suggests that the false lock was of a tiplock nature.

The evidence in this case is clearly in dispute as to a material fact, although it is not clear that the dispute is "genuine" - the Court notes that the only testimony supporting that the subject ladder was purchased in March 2000 at a Miami Home Depot is Plaintiff's own testimony, and such testimony stands in direct contrast to objective information - undisputed by Plaintiff's own expert - about the date of manufacture of this ladder. No sales receipts or purchase records are in the record before the Court. Absent evidence that the ladder was sold more recently than the 1980s, or even mid-1990s, this case bears little chance of surviving at trial. However, the Court finds that there is a minimally sufficient question of fact to allow this case to proceed at this time. Based on the above, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment is DENIED. Defendant's request for a <u>Daubert</u> hearing is denied, and the motion to strike affidavit of Morse or limit his opinions is DENIED, without prejudice to renew at trial. As to Defendant's motions in limine, the Court makes the following rulings:

The motions to exclude evidence of Louisville quick latch and pin lock device are DENIED, without prejudice to renew at trial.

The motions to exclude evidence of product recalls relating to other ladder recalls and to exclude evidence of other accidents are GRANTED

The motion to exclude aspects of testimony of Home Depot representative Leonard Kapiloff is DENIED, without prejudice to renew at trial.

The motion to exclude full medical bills is GRANTED.

DONE AND ORDERED in Chambers in Miami this 24th day of May 2011.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
William C. Robinson
Jeffrey A. Mowers